ALVAH J. SMITH, Appellant, *v.* MARY E. ROOSA, Respondent.

Third Department, May 8, 1918.

Conversion — alleged conversion of firewood left on lands conveyed by plaintiff — evidence — when contract for the exchange of real estate improperly admitted — parol evidence not contradicting terms of written instrument — failure to establish facts necessary to recovery for conversion.

Where the plaintiff sued for the conversion of firewood which he left on lands conveyed to the defendant in exchange for lands conveyed by the defendant to the plaintiff, the wood to be subject to the plaintiff's call, and the defendant denies the conversion, the contract for the sale or exchange of the lands was inadmissible where it contained no reference to the firewood as it had no bearing on the issues involved.

Hence, it was not error to admit evidence of the defendant relating to conversations at and preceding the exchange of the lands on the theory that the evidence tends to contradict the written contract of exchange as it had no relation to the question of conversion.

Evidence in such action examined, and *held*, that the jury were' justified in finding that the plaintiff failed to establish the facts necessary to a recovery for the alleged conversion.

APPEAL by the plaintiff, Alvah J. Smith, from a judgment of the County Court of Schenectady county, entered in the office of the clerk of said county on the 24th day of October, 1917, upon the verdict of a jury dismissing the complaint, and also from an order entered in said clerk's office on the 25th day of October, 1917, denying plaintiff's motion for a new trial made upon the minutes.

*Stuart G. Knight*, for the appellant.

*James W. Liddle*, for the respondent

WOODWARD, J.:

The complaint alleges that on or about the 1st day of April, 1916, the plaintiff sold to the defendant his farm located in the town of Clifton Park, Saratoga county, N. Y., and at the time of such sale the plaintiff left on said farm subject to his call, certain personal property consisting of fourteen cords of firewood of the reasonable value of fifty-six dollars; and that the plaintiff was then and has ever since been the owner of said firewood and entitled to the immediate possession of the same; that the defendant has wrongfully converted the said firewood to her own use to the damage of the plaintiff in the sum of fifty-six dollars, and that on the 23d day of November, 1916, the defendant refused to deliver the same to the plaintiff or to allow the plaintiff to take the same. Certain special damages are likewise alleged.

The answer of the defendant admits the sale of the farm, but denies all of the other material allegations of the complaint, except that demand was made for the firewood and refused. Defendant then sets out an "explanatory defense," consisting of an allegation that the sale of the farm mentioned in the complaint was an exchange of properties between the parties, though she had already admitted the allegations of

Third Department, May, 1918.    [Vol. 183.

the complaint in this regard.    This is followed by an affirmative defense, in which the defendant alleges with some confusion that at or about the time of the transfer of these properties and collateral thereto, the plaintiff agreed that if the defendant would take the farm the wood should go with the farm.

The plaintiff tendered the issue of the ownership of the wood, and the defendant denied such ownership.    The sale of the farm being admitted there was no occasion for introducing in evidence the contract of sale between the parties; it had no legitimate place in the case.    It proved nothing as to the ownership of the wood, for it made no mention of anything beyond the terms upon which the real properties of the parties were to be exchanged.    The complaint had alleged that the plaintiff left fourteen cords of firewood upon the farm, subject to his call, and this allegation was squarely denied, and until the plaintiff had established the fact that this wood was left upon the premises, there was a failure to establish the cause of action alleged.    The contract of exchange threw no light upon this issue, and the objection urged upon this appeal that the evidence of the defendant as to conversations at and preceding the making of the exchange was improperly admitted as tending to vary or modify the terms of the written contract is without force.    The action was not upon the written contract; no rights were claimed under that agreement.    In fact the action is one for conversion and has no relation whatever to the written contract, which was concededly performed by both parties.    The evidence received had relation to the issue presented of ownership of fourteen cords of firewood, and the alleged conversion of such firewood, and while it was of a very unsatisfactory character, as tending to establish a defense, we are of the opinion that it was not open to the objection urged, and that the jury had a right to say that the plaintiff had failed to establish the facts necessary to the cause of action alleged.

The judgment and order appealed from should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.